

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PT:MKM
F.#2015R01827

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 18, 2018

By Hand and ECF

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Sergio Jadue
                Criminal Docket No. 15-570 (PKC)

Dear Judge Chen:

      The government respectfully submits this letter in response to the letter motion dated April 19, 2018, filed by Enrique Mujica, Director of Press, Canal 13, a Chilean television network. (ECF Dkt. No. 21). In the letter, Mr. Mujica requests the unsealing of "the audios from all the hearings and the exhibits related to Mr. Sergio JADUE," in the above-captioned case. As detailed below, certain materials in the case have already been unsealed, and no further unsealing is warranted at this time.

      By way of background, in a letter dated April 20, 2016, a letter motion was filed by Mónica González Mujica, Director of CIPER, the Chilean Center for Investigative Reporting, requesting that the Court unseal the transcript of the guilty plea entered by defendant Sergio Jadue and require the public filing of the defendant's plea agreement. (ECF Dkt. No. 11). The government filed a response on May 2, 2016 in which it indicated that it consented to the unsealing of a redacted version of the transcript of the defendant's guilty plea (along with the defendant's written allocution marked as Court Exhibit 3) and opposed the public filing of the defendant's plea agreement, for the reasons set forth in a separate submission filed ex parte and under seal on the same date. (ECF Dkt. No. 12). The Court issued a Memorandum & Order, dated June 1, 2016, in which it approved the government's proposal, including the specifically proposed redactions. (ECF Dkt. No. 13).

The Court further indicated that "relief granted is for the most part temporary and that the government is under a continuing obligation to advise the Court when circumstances change that might affect the Court's analysis." (Id.). On the date of the Court's order, the government publicly filed the redacted transcript of the defendant's change of plea hearing and the defendant's written allocution. (ECF Dkt. No. 14).

In the current motion, Mr. Mujica requests the unsealing of "the audios from all the hearings and the exhibits." The government is not aware of any audio recordings of any hearing concerning the defendant, who was arraigned and pleaded guilty on the same date, November 23, 2015, before the Honorable Raymond J. Dearie. (ECF Dkt. No. 4). The transcript from the hearing of that date is publicly available in redacted form. (ECF Dkt. No. 14, Attachment 1). Although the transcript does not expressly reference a Court Exhibit 1, the first document the Court accepted during the change of plea hearing was the signed waiver of indictment form, which is publicly available. (ECF Dkt. No. 7). Court Exhibit 2 is the plea agreement, which has not been publicly filed. Court Exhibit 3 is the defendant's written allocution, which is publicly available without redactions. (ECF Dkt. No. 14, Attachment 2). There are no other exhibits in this case.[1]

For the reasons set forth in the government's ex parte, sealed filing of May 2, 2016[2], the government respectfully submits that the redacted portions of the November 23, 2015 transcript should remain sealed and the Court should not require the government to publicly file the defendant's plea agreement. Additional information supporting continued sealing is contained in the government's September 1, 2017 Sealed Supplement in Further Support of Its Motion for a Partially Anonymous and Semi-Sequestered Jury. (ECF Dkt. No. 653 at 1-2, 5 (defendant Jadue is the second individual referenced on page 5)).

In support of his motion, Mr. Mujica states that similar requests for unsealing were granted by Judge Raymond J. Dearie in related cases. In fact, in multiple instances, Judge Dearie granted the continued sealing of redacted plea hearing transcripts and did not order the government to publicly file the relevant plea agreements, except where the unsealing of certain material was deemed warranted in light of changed circumstances. See United States v. Webb, et al., 15-CR-252 (PKC), at ECF Dkt. Nos. 284, 293, 311, 369, 414 & electronic order dated Aug. 23, 2016; United States v. José Hawilla, et al., 14-CR-609 (PKC), at ECF Dkt. Nos. 52, 54 & 58-60; United States v. Charles Blazer, 13-CR-602

---

[1] To the extent Mr. Mujica wishes to obtain copies of exhibits admitted into evidence in the trial in the related case, United States v. Juan Ángel Napout, et al., 15-CR-252 (PKC), some of which, based on public trial testimony, concern defendant Jadue, he may contact the Public Information Officer for the U.S. Attorney's Office for the Eastern District of New York at USANYE-PressInfo@usdoj.gov.

[2] A copy of the May 2, 2016 ex parte, sealed filing is enclosed for the Court's convenience, but is not attached to the public filing.

2

(PKC), at ECF Dkt. Nos. 14, 15, 20, 22, 23 & 26.   The government respectfully submits that the circumstances in the instant case have not materially changed and that the Court's order of June 1, 2016 (ECF Dkt. No. 13) should not be disturbed at this time.

The government notes that it remains sensitive to the need to minimize the amount of information in a criminal case that is filed under seal.   See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). It is also aware of its continuing obligation to advise the Court when circumstances change that might affect the Court's analysis.   (Mem. & Order, dated June 1, 2016 (ECF Dkt. No. 13)).   However, based on the facts set forth in the sealed filings referenced above, no further unsealing is warranted at this time.

The government has conferred with counsel for the defendant and he joins in this request.

Respectfully submitted,

RICHARD P. DONOGHUE  
United States Attorney  
Eastern District of New York

By:     /s/  
    M. Kristin Mace  
    Assistant U.S. Attorney  
    718-254-6879

cc:   William M. Brodsky, Esq., counsel for the defendant (by ECF, without enclosure)  
Enrique Mujica, Director of Canal 13 (by email, in care of Matias Jara Hernandez of Canal 13 (mjara@13.cl), without enclosure)