UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                            **MEMORANDUM & ORDER**

       - against -                                       15-CR-570 (PKC)

SERGIO JADUE,

                   Defendant.
-------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Before the Court is the request of Enrique Mujica on behalf of Canal 13, a Chilean TV network, and Chilean journalist Antonio Valencia from "El Mercurio" newspaper (collectively, "Movants") to unseal "audios from all the hearings and the exhibits related to Mr. Sergio Jadue". (Dkt. 21; Dkt. 23 (requesting "audios of telephone conversations" between certain alleged co-conspirators in this matter and "photographs and any other documents").)  For the reasons set forth below, the Court denies Movants' unsealing request.

      In April 2016, the Director of CIPER, the Chilean Center for Investigative Reporting, requested that the Court unseal the transcript of the guilty plea entered into by Defendant Sergio Jadue in this matter and require the public filing of his plea agreement.  (Dkt. 11.)  After reviewing the May 2, 2016 *ex parte* submission from the government (Dkt. 12), the Honorable Raymond J. Dearie partially granted the unsealing request and directed the public filing of the redacted transcript of Defendant's guilty plea proceeding, along with his written allocution, in June 2016. (Memorandum & Order, Dkt. 13.)  "Regarding the balance of CIPER's application," Judge Dearie wrote, "the Court has applied the standards set out in *United States v. Alcantara*, 396 F .3d 189 (2d Cir. 2005), and concludes that the temporary sealing of the materials sought is justified and

that there are no reasonable alternatives available to protect legitimate government interests and concerns." (*Id.*) Thus, Judge Dearie denied the request to unseal Defendant's plea agreement.

With respect to Movants' current request to unseal audio recordings of the hearings, the government responds that it is "not aware of any audio recordings of any hearing concerning the defendant, who was arraigned and pleaded guilty on the same date, November 23, 2015, before the Honorable Raymond J. Dearie."[1] (Dkt. 22, at 2.) Thus, this aspect of the Movants' unsealing request is denied as moot.

With respect to the request for "exhibits", the government notes that there are only three items that might qualify as such in this case: (1) Defendant's signed waiver form; (2) his plea agreement; and (3) his written allocution. (*Id.*) Both Defendant's waiver form and his written allocution have already been unsealed. (*See* Dkts. 7, 14-2.) Relying on its May 2, 2016 *ex parte* submission and a September 1, 2017 submission filed in connection with its request for an anonymous jury in *United States v. Napout, et al.*, 15-CR-252 (PKC) (RML), Dkt. 653, the government argues that Defendant's plea agreement, as well as the redacted portions of his November 23, 2015 plea transcript, should remain under seal. Based on its review of the government's submissions and applying the standards under *Alcantara*, the Court agrees and finds that the same reasons that justified the redaction and sealing of these materials in June 2016 continue to justify their non-disclosure at this time. *See United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (setting forth balancing test in deciding unsealing motions). The Court, therefore,

---

[1] While there might be an audio recording of Defendant's plea proceeding, made by the court reporter, that recording would be identical in content to the written transcript of the proceeding, which was made publicly available in redacted form in June 2016, as previously discussed. To the extent Movants are seeking to unseal the redacted portions of the plea transcript, that issue is discussed *infra*.

denies Movants' request for "exhibits" related to Defendant.[2] However, the government is again reminded that this relief is temporary and that "the government is under a continuing obligation to advise the Court when circumstances change that might affect the Court's analysis." (Dkt. 13.)

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 5, 2018
Brooklyn, New York

---

[2] The Court notes that, to the extent that Movants are seeking disclosure of items that have not been admitted at any trial or hearing, such as recordings or documents the government may have obtained as part of their investigation, there is no public right of access to these items. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006) (finding that the First Amendment and common law presumption of access attaches only to "judicial documents"); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (only *filed* items that are "relevant to the performance of the judicial function and useful in the judicial process" are designated "judicial documents"). Relatedly, the government indicates in its response to the unsealing motion that if Movants wish to obtain exhibits that were admitted into evidence at the trial in *United States v. Napout, et al.*, 15-CR-252 (PKC) (RML), they should contact the U.S. Attorney's Office. (Dkt. 22, at 2, n.1.)